# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| IRISH JENKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO.: |
| vs. ) | |
| ) | 2:17-cv-00364-RAH-JTA |
| KOCH FOODS, INC.; KOCH FOODS OF ) | |
| ALABAMA, LLC; DAVID BIRCHFIELD; ) | |
| and MELISSA MCDICKINSON, ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S RESPONSE TO THE MOTION TO QUASH FILED BY THE ALABAMA DEPARTMENT OF CORRECTIONS (Doc. 111)

COMES NOW the Plaintiff and respectfully opposes the motion to quash filed by the Alabama Department of Corrections (Doc. 111). The motion should be denied for the following reasons:

1. This is an employment discrimination action in which the Plaintiff, Irish Jenkins, alleges that he was subjected to unlawful discrimination based on his race and gender during the time he worked for defendants Koch Foods, Inc. and Koch Foods of Alabama, LLC (collectively "Koch Foods"). He has also pled claims for retaliation and asserted tort law claims. One of the issues in the case is whether Koch Foods and/or its Human Resources leadership, Melissa McDickinson and

1

David Birchfield, discriminated, harassed, and/or retaliated against work-release employees assigned to Koch Foods in Montgomery. The subpoena which is the subject of the motion to quash seeks information relating to the alleged mistreatment of the work-release employees at Koch Foods and the lesser bargaining power those workers have to fend off unlawful discrimination, harassment, and retaliation.

2. Federal Rule of Civil Procedure 45(c)(3)(A) provides that, upon timely motion, a court must quash or modify a subpoena that:

    (i)    fails to allow a reasonable time to comply; . . .

    (iii)    requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

    (iv)    subjects a person to undue burden.

Fed. R. Civ. Pro. 45(c)(3)(A).

3. In evaluating the reasonableness of a subpoena issued pursuant to Rule 45, the Court may evaluate what is required to be produced. A subpoena scope is "not limited to matters that are admissible or relevant to the issues formulated in the case but extends to any non-privileged matter that is relevant to the claim or defense of any party in the pending action." Wright & Miller, Federal Practice and Procedure § 2459 (3d ed. 2010); *see Dering v. Service Experts Alliance LLC*, 1:06-cv-357-RWS, 2007 U.S. Dist. LEXIS 89972, 2007 WL 4299968, at *2 (N.D. Ga. Dec. 6, 2007).

4. A court has options, other than to quash, when a subpoena is burdensome. It may modify the subpoena to a scope that is reasonable or condition denial of the motion to quash or modify on the person who requested the subpoena advancing the reasonable cost of producing the material sought. Id.

5. Initially, the Alabama Department of Corrections ("ADOC") argues that the subpoena should be quashed because it "is not able to collect any of the requested documents at this time, due to the fact that the time allowed is unreasonable and due to the fact that collecting the requested document in that timeframe would subject the ADOC to undue burden." (Doc. 111). ADOC offers no facts, arguments or analysis as to why it cannot comply with the subpoena in the requested timeframe, nor does it explain how the subpoena creates any undue burden.

    a. The party resisting discovery has a heavy burden of showing why the requested discovery should not be permitted. *Rossbach v. Rundle*, 128 F.Supp.2d 1348, 1354 (S.D . Fla. 2000) ("The onus is on the party resisting discovery to demonstrate specifically how the objected-to information is unnecessary, unreasonable or otherwise unduly burdensome."); *Dunkin Donuts, Inc. v. Mary's Donuts, Inc.*, 2001 U.S. Dist. LEXIS 25204, 2001 WL 34079319 (S.D. Fla. 2001)("the burden of showing that the requested information is not relevant to the issues in the case is on the party resisting discovery")

      (citation omitted); *Gober v. City of Leesburg*, 197 F.R.D. 519, 521 (M.D. Fla. 2000)("The party resisting production of information bears the burden of establishing lack of relevancy or undue burden in supplying the requested information").

b.    To meet this burden, the party resisting discovery must demonstrate specifically how the objected-to request is unreasonable or otherwise unduly burdensome. *See* Fed. R. Civ. P. 33(b)(4); *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985); *Rossbach*, 128 F.Supp.2d at 1353. Thus, to even merit consideration, "an objection must show specifically how a discovery request is overly broad, burdensome or oppressive, by submitting evidence or offering evidence which reveals the nature of the burden." *Coker v. Duke & Co.*, 177 F.R.D. 682, 686 (M.D. Ala. 1998). Once the resisting party meets its burden, the burden shifts to the moving party to show the information is relevant and necessary. *Gober*, 197 F.R.D. at 521; *see also Hunter's Ridge Golf Co. Inc. v. Georgia-Pacific Corp.*, 233 F.R.D. 678, 680 (M.D. Fla. 2006).

c.    The ADOC made no effort to carry its burden of proof, so its motion to quash should be denied.

6. The ADOC also argues the subpoena should be quashed because while it is not aware if there is any investigative reports which could be responsive to the subpoena, it would not be associated with an open investigation because it considers the report to be protected until such investigation is closed. ADOC offers no legal authority why any such investigation would be privileged and/or protected from production.[1] The ADOC has not carried its burden of proof with respect to showing why its resistance to the discovery efforts of the Plaintiff are justified.[2]

4. The ADOC's motion to quash should be denied because it rests on general objections which are disfavored under the Federal Rules of Civil Procedure. The ADOC made no effort to carry its burden to show why the discovery sought by the Plaintiff was unreasonable and/or unduly burdensome.

WHEREFORE, PREMISES CONSIDERED, the ADOC's motion to quash the Plaintiff's subpoena should be denied.

                                              Respectfully submitted,

                                              ATTORNEYS FOR PLAINTIFF:

                                              /s Heather Newsom Leonard
                                              Heather Newsom Leonard
                                              HEATHER LEONARD, P.C.
                                              2105 Devereux Circle, Suite 111

---

[1] Without knowing whether there is an open investigation, and if so, the nature of the complaint that is the subject of the investigation, it is virtually impossible for the Plaintiff to respond in any meaningful way to the ADOC's argument.

Birmingham, AL 35243
Tel: (205) 977-5421
Fax: (205) 278-1400
Email: Heather@HeatherLeonardPC.com

/s Cynthia Forman Wilkinson
Cynthia Forman Wilkinson
WILKINSON LAW FIRM, PC
1717 3rd Avenue North, Suite A
Birmingham, Alabama 35203
Tel: (205) 250-7866
Fax:(205) 250-7869
Email: wilkinsonefile@wilkinsonfirm.net

/s Alicia K. Haynes
Alicia K. Haynes
Charles Guerrier
HAYNES & HAYNES, P.C.
1600 Woodmere Drive
Birmingham, AL 35226
Tel.:   (205) 879-0377
Fax:   (205) 897-3572
Email: akhaynes@haynes-haynes.com

CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was served on the following counsel of record on January 24, 2020 via the court's electronic filing service:

Rachel V. Barlotta
Sharonda C. Fancher
Daisy Carlson
BAKER, DONELSON, CALDWELL, & BERKOWITZ, PC
Wells Fargo Tower
420 North 20th Street, Suite 1400
Birmingham, AL 365203

Marion F. Walker
Corey Goerdt
Annalese Herndon Reese
FISHER PHILLIPS, LLP
2323 2ND Avenue North
Birmingham, LA 35203

Steve Marshall
Carrie Ellis McCollum
Joseph G. Stewart Jr.
Alabama Department of Corrections
P.O. Box 301501
Montgomery, AL 36130-1501

                                      /s/ Heather Newsom Leonard
                                      OF COUNSEL